# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TROY KLINE,

          Petitioner,    :    Case No. 3:14-cv-250

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

JASON BUNTING, Warden

          Respondent.    :

## REPORT AND RECOMMENDATIONS

Petitioner Troy Kline brought this habeas corpus action *pro se* pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Montgomery County Common Pleas Court in Case No. 96-CR-3095. The case has been referred to the undersigned United States Magistrate Judge under the Dayton location of court General Order of Assignment and Reference and is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Kline asserts that he did not immediately appeal his conviction, which was entered on a guilty plea (Petition, Doc. No. 1, PageID 1-2, ¶¶ 6, 8). Instead, he asserts he took a delayed appeal to the Second District Court of Appeals in Case No. CA-026137 on April 7, 2014. *Id.* at PageID 4, ¶ 11. He asserts his Petition is timely because:

> 1. As contested under oath to the 2nd District Appeals Court it was not until Jan. 2014 I became aware (by the Court Clerk and later

1

> Public Def. Office) that I "never" had a direct appeal and that the two appeals which followed directly after sentencing was in ref. to my specification <u>not</u> direct review appeal.
>
> 2. That same year [2014] (Jan.-Feb.) I then upon my research to file a delayed appeal as informed to do by the Ohio Pub. Def. Office, found a ruling by the U.S. Sup. Ct. in 2007 which held my sentence to be unlawful.
>
> For one or both of these reasons should satisfy (1)(B), (C), or (D)[1] or any one below or more and for the relief sought.

*Id.* at PageID 14, ¶ 18.

The records of the Montgomery County Clerk of Courts show that on April 7, 2014, the Second District Court of Appeals denied Kline's Motion for Leave to File a Delayed Appeal without stating any reasons. *State v. Kline,* Case No. 26137 (2nd Dist. Apr. 7, 2014)(unreported).

Kline also filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 in which he claimed his sentence was unconstitutional because it was based on facts found by the trial judge instead of by jury. Judge Huffman dismissed the petition as untimely and the Second District affirmed, holding:

> **[\*P4]** It is undisputed that Defendant's petition failed to satisfy the 180-day filing requirement in R.C. 2953.21. Defendant contended that the requirement is waived pursuant to R.C. 2953.23(A)(1)(a), because holdings of the United States Supreme Court subsequent to his sentences "recognized a new federal right. . . that applies retroactively to persons in the petitioner's situation . . ." *Id*.
>
> **[\*P5]** Defendant relied on the holdings in *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435; *Blakely v. Washington* (2004), 542 U.S. 296, 159 L. Ed. 2d 403, 124 S. Ct. 2531; and *United States v. Booker* (2005), 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621. All were handed down subsequent to imposition of the sentence in Defendant's case. Assuming that they recognized a "new" federal right, the issue is whether they apply retroactively to Defendant.

---

[1] The reference is to the provisions of 28 U.S.C. § 2244(d)(1) as quoted on the standard form for § 2254 Petitions, AO Form 241.

> **[*P6]** In *Ring v. Arizona* (2002), 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556, the Supreme Court applied its holding in *Apprendi* to invalidate a state sentencing statute that permitted sentences to be imposed on findings made by a judge. Subsequently, in *Schriro v. Summerlin* (2004), 542 U.S. 348, 159 L. Ed. 2d 442, 124 S. Ct. 2519, the Supreme Court held that the right announced in *Ring*, and by extension the right announced in *Apprendi* and its progeny, *Blakely and Booker*, does not apply retroactively to cases already final and not on direct review. Accord, *Griffith v. Kentucky* (1987), 479 U.S. 314, 107 S. Ct. 708, 93 L. Ed. 2d 649.
>
> **[*P7]** Defendant's conviction and sentence became final in 1997, and it was not on direct review when *Apprendi* was decided. Therefore, the holdings in *Apprendi, Blakely and Booker* do not apply retroactively to Defendant for purposes of R.C. 2953.23(A)(1)(a), and he is not entitled to the benefit of the time-extension provisions of that section. Because the petition Defendant filed in 2006 was not timely filed, the trial court lacked jurisdiction to grant the relief Defendant requested. *State v. Puckett*, Greene App. No. 2006-CA-32, 2006 Ohio 6609. The trial court did not err when it dismissed the petition.

*State v. Kline*, 2007-Ohio-3703, 2007 Ohio App. LEXIS 3379 (2nd Dist. July 20, 2007)(Grady, J.).

The opinion of the Second District on the original appeal shows Kline's understanding of that proceeding is in error: the State appealed Judge Petzold's[2] failure to classify Kline as a sexual predator, but Kline also presented an assignment of error which was overruled. *State v. Kline*, 1997 Ohio App. LEXIS 5491 (2nd Dist. Dec. 12, 1997)(Wilson, J.) The court of appeals vacated the judgment and remanded the case.

On remand Judge Petzold found Kline to be a sexual predator and re-sentenced him on June 9, 1998. The judge thereafter denied Kline's motion to dismiss on grounds the sexual predator statute was unconstitutional as an ex post facto law (Decision, Order, and Entry of June 11, 1998)(available at www.clerk.co.montgomery.oh.us). Kline was appointed counsel to

---

[2] John Petzold was the Common Pleas Judge originally assigned to this case. Mary Katherine Huffman succeeded him upon his retirement.

appeal, but failed to perfect the appeal and it was dismissed with prejudice. *State v. Kline*, Case No. 17293 (2nd Dist. Nov. 10, 1998).

28 U.S.C. § 2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

Kline's conviction became final on direct appeal forty-five days after the Second District dismissed the second appeal or December 26, 1998.[3] Thus the time within which he could have filed a petition for writ of habeas corpus expired one year later on December 26, 1999. The

---

[3] December 25, 1998, was the forty-fifth day, but the Ohio Supreme Court would have been closed on that day for the Christmas holiday.

4

Petition in this case was not filed until July 31, 2014, more than fourteen years after the statute expired. Kline is not entitled to a start date of the denial of his motion for delayed appeal since that order did not affect the finality of his conviction.

The facts set forth in Kline's application for delayed appeal, reproduced in the Appendix hereto, do not make out a case for equitable tolling of the statute of limitations. Kline essentially reports that he did not discover his substantive claims until January 2014, but ignorance of the law is not a basis for equitable tolling.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

Aug 1 2014 2:32 PM

X _____
Michael R. Merz

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).

# **APPENDIX**

AFFIDAVIT OF TROY KLINE FOR:
" WHY I DID NOT FILE A TIMELY APPEAL NOR LEAVE WITHIN
A REASONABLE TIME AFTER THE END OF THE 30 DAY PERIOD FOR
BRINGING A TIMELY APPEAL "

I Troy Kline, Appellant-Defendant do stress to this Second District Appellate Court that all the following is 100% truth and accurate to the very being of my knowledge and facts.

The record (Docket-record) will support my reasons to not only show, but prove that I do have a good and reasonable explanation, as required by this Court, for why I did not file a timely appeal nor leave within the time frame permitted.

The record will show:

I admitted guilt to the horrible things I have done to those whom entrusted me, however in due respect to this Court, this Court is not being asked to determine whether or not I deserve prison time, but whether or not the time given is permitted by law. However, before being able to legally obtain Appellate review, I understand that I must give reasonable explanation for my almost (17 year) delay. which I have recently seen several Defendants whom tried with no avail, however my case is unique and rare, because the record will support my reasons.

Without further delay, let the Court be made aware that on Feb. 19th, 1997 the trial Court sentenced me, however the Judge refused to find me to be a Sexual Predator, The state of Ohio appealed the trial Court's decision (see APP no . CA 16453) Where this Appellate Court reversed the judgment. I, not understanding the procedures thought that my case was thrown out, so I wrote my attorney (Suzanne Lough Wynn, to find out what was going on, then I was resentenced with a Predator Specification then sent to prison, I was then informed by my Counsel that "I cannot do anything else for you" leaving me with no idea of what to do. I was under the impression that this was the only appeal I could get, mainly since Counsel told me there was nothing more she could do.

Like some inmates, I just tried to adjust to prison and while being guided blindly I soon discovered that a person with my type of charge(s) very few people, mainly those whom work in the law library want to help you, as a matter of fact it caused problems because the law clerks were telling people about my charges, which I quickly became mute, I was afraid to talk to anyone, especially another inmate, regardless [sic] that he was a law clerk or not.

Sometime later, I met a guy, whom seemed to know the law, and told me that the only chance for me getting my sentenced [sic] reviewed is to file a "Modification of Sentence" so I let him file it for me (On March 27th , 2006) it was denied, so I appealed it (see App. no. 21660) which this Court Overruled on Nov. 28th, 2006. I was discouraged and

7

thought I was being denied due to my charges so I gave up, and then sometime later I met another guy whom seemed to know what he was doing and he said my sentence can be reviewed by a "Post Conviction" (filed on July 10th, 2006) However Judge Huffman Overruled it. I filed an appeal but this Court affirmed it (See App. no. CA 21660 ruled on in the same case number as the modification of sentence [sic] appeal; this time on July 20th 2007).

  That was it, I gave up, I seen that I had no way to get my sentence reviewed and no one would help me in the library due to my charges and it seemed that I did everything· I could do. Then, I met a guy whom use to work in the legal library in Dec. 2012 and he told me that t he Appellate Court does not base it's decisions on my charges and the first thing I need to do is write the Clerk of Court and ask for a "Docket printout" which will show everything filed, so I did that prior to Christmas of 2013.

  When I got the docket print out I showed it to my friend and he said that I never had an Direct Appeal filed on my behalf, that the appeal (which I thought was my appeal) was in fact the States Appeal for the Predator specification. and that I needed to file a Leave· to file delayed Appeal for Discretionary review of the sentence. He told me that since the law library isn't helping me that I should write the Ohio Public Defenders office, so I did in Jan. 2014 and about Feb. 12th I believe I got a legal mail pass and it was a letter from the Public Defenders office whom sent me a "Pro Se" packet to file with this Court for review of my sentence. (See Ohio Public Defenders Letter attached).

  Your Honorable Appellate Court, I do realize that there are only a few cases which are as late as I am that get granted delayed Appeal, however I actually believed that my direct appeal was already exhausted (which to turn out was the appeal from the State in reference to the Predator specification) I wrote my Appeals attorney which I never got a response, I was left in the dark by counsel and when I was resentenced for the Predator thing, I asked her for help and she told me there was nothing else she could do for me, which if she couldn't do anything else, I thought what could I do then ????

  I did not know until I got the Docket printout in Jan. 2014 that I never had a direct appeal, the record will support this too because had I known it, I would of filed it instead of the Modification and Post Conviction, but I thought my one appeal was already done and over.

This is a extremely unique case where although a 17 year delay, it is reasonably. explained and supported by the record which shows I filed several actions thinking I had an appeal which to find out 17 years later I never did.

  I am simply asking this Court to grant review and issue Counsel as to review the Sentence which case law in other courts and higher courts suggest that my sentence is Contrar [sic] to law.

  I pray that these honest words from a man whom just wants review of sentence, mainly after throwing myself at the court for a plea which may be contrar [sic] to law.

I, Troy Kline do hereby state that "ALL" the words herein are very true and fact.

CA Case No. 26137, Motion of Appellant for Leave to Filed [sic] Delayed Appeal Filed, March 19, 2014.