# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TROY KLINE,

               Petitioner,       :       Case No. 3:14-cv-250

  - vs -                                District Judge Thomas M. Rose
                                      Magistrate Judge Michael R. Merz

JASON BUNTING, Warden,
 Marion Correctional Institution,

                                :

               Respondent.

# REPORT AND RECOMMENDATION ON MOTION TO REOPEN

This habeas corpus case is before the Court on Petitioner's Motion to Re-Open (ECF No. 6). The Motion was filed July 4, 2017, the date Mr. Kline, who is imprisoned, mailed it to the Court. It seeks to re-open the final judgment entered in this case on September 2, 2014 (ECF Nos. 4 and 5).

The Motion claims error in entering judgment, rather than attempting to raise a new claim for habeas corpus relief. Therefore the Motion is properly decided by this Court and does not require transfer to the Sixth Circuit as a second or successive habeas application. *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

Although Mr. Kline does not cite it, the rule governing the reopening of judgments is Fed. R. Civ. P. 60(b). A motion seeking reopening because the judgment is allegedly void for want of jurisdiction must be brought within "a reasonable time" after judgment. Although the the Motion is prima facie untimely because Petitioner waited almost three years to file it, the

1

Magistrate Judge prefers to deal with the merits of the Motion, rather than recommending it be denied on timeliness grounds.

As the Court understands Petitioner's argument, it is that this Court did not properly exercise jurisdiction over his habeas petition because habeas jurisdiction is only appellate and the Court did not properly obtain appellate jurisdiction by entering an order to show cause to require production of the state court record, including any "state substantive law" regarding his confinement.

Mr. Kline is correct that federal courts are courts of limited jurisdiction and whether they have subject matter jurisdiction over a particular case is a threshold question which must be decided before reaching the merits of any question presented. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976); *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908); *Capron v. Van Noorden*, 6 U.S. 126 (1804); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F.3d 653 (6th Cir. 2014).

Although the question of subject matter jurisdiction was not expressly discussed in the undersigned's Report and Recommendations which led to judgment, subject matter jurisdiction does exist. 28 U.S.C. § 2241 authorizes any justice or judge of the United States to issue the writ with respect to any person in custody in violation of the Constitution or laws or treaties of the United States. It does not require a district court to obtain state court records in order to have jurisdiction. A person must be in custody to invoke the jurisdiction, *Carafas v. La Vallee*, 391

U.S. 234 (1968), but the Petition here alleged that Mr. Kline was in Respondent's custody.

Because our jurisdiction is original rather than appellate, there is no requirement that we issue any process to or obtain documents from the state courts. Indeed, when we order the state court record filed in a case, the order is directed to the Warden's attorney, the Attorney General of Ohio, rather than to the state court that convicted a petitioner.

The premise of Petitioner's Motion – that a habeas court obtains jurisdiction only by obtaining the state court records – is in error and therefore provides no basis for reopening the judgment here.

**Conclusion**

On the basis of the foregoing analysis, it is respectfully recommended that the Motion to Re-Open be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 11, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).